**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIAN SLABODA, | Case No. _____ |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff, Brian Slaboda, hereby re-files his Complaint (relevant excerpts of which begin on the third page) against Defendant Federal Express Corporation, successor by merger to FedEx Ground Package System ("FedEx"). Plaintiff previously opted in to the conditionally certified collective action of *Claiborne v. FedEx Ground Package Sys., Inc.*, No. 2:18-cv-01698 (W.D. Pa.), and after that case was voluntarily decertified, filed claims against FedEx in the mass action case of *Abner v. Federal Express Corp., s/b/m to FedEx Ground Package Sys., Inc.*, No. 2:24-cv-01129 (W.D.Pa.). Plaintiff is listed in the caption and in paragraph 9005 of the Complaint. Pursuant to the Court's order in that case dated May 18, 2026, Plaintiff's claims were severed, and Plaintiff was directed to re-file in this District within sixty (60) days so that his claims would not be time-barred (*see* Exhibit A to the Complaint).

Dated:  May 22, 2026

Respectfully submitted,

*/s/ Sarah Schalman-Bergen*
Shannon Liss-Riordan (*pro hac vice* forthcoming)
Bradley Manewith (*pro hac vice* forthcoming)
Sarah Schalman-Bergen
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com
bmanewith@llrlaw.com
ssb@llrlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL ABNER, JAMES ABRAMS, LATASHA ABRAMS, LISA ADAMS, RICHARD ADAMS, AARON ADDIE, TERENCE AGEE, RANDY ALLEN, BRITTANY ANDREWS, QUENTHIA AUSTIN, FRANCISTONY AXELL, RICHARD BAGGETT, RAMAADE BAILEY, SHONTE BALTES, DEREK BARBER, JASMINE BARGE, VICKIE BARLOW, JARIS BARNER, JESSA BARNES, JODIE BARNETT, AARON BARRON, DARRON BARRY, ZACKARY BATES, TRACY BEARDEN, BRITTNI BEGGS, TIMOTHY BEGGS, DAVID BENTLEY, SHERICKO BILLINGSLEY, JOHN BIRDSONG, TRACEY BISHOP, JAMES BLANCHARD, FREDERICK BOYKIN, KELVIN BRADFORD JR , APRIL BRADLEY, ANTHONY BRAND, ANGELA BRANNON, HEATHER BRANNON, EDWIN BROWN, AALIYAH BROWN, SHANNON BROWN, CALEB BROWN, TRAVIS BROWN, TREVOR BRYANT, SHARDAE BRYANT, JASON BRYANT, COREY BRYANT, CHANETRICE BULLOCK, ROWLAND BURRELL, LAVEETA BURT, TIFFANY BUSH, PLUSHETTE CALDWELL, LARRY CALHOUN, AARON CANNON JR., MELISSA CARR, DELRICO CARTER, ORENTHAL NANCE, SHERIKA CARROLL, KYRA CHASTANG, MARCUS CHESTER, WILLIE CHRISTFUL, DESHAWN CLAY, RYAN COBURN, ZACHARY COCHRAN, MARVIN COLEMAN, RICHARD KRAL, JAY COOPER, JASON CORBIN, DORINE COUSINS, JENIFER COVERDALE, BRANDI COWAN, JASMINE CRENSHAW, SHANCHEVA CULPEPPER, SANTEE CUMMINGS, DREYLEM CUNNINGHAM, TABITHA CUPP, EDWARD DAUGHERTY, HANNAH DAVIDSON, CARL DAVIDSON, RODERICK DAVIS, DEANGELO DAVIS, JORDAN DAVIS, GEORGE DAVIS JR, CHARLES DAVIS JR., CHRISTINE DEAN, | No. 2:24-cv-01129-RJC<br><br>ELECTRONICALLY FILED DOCUMENT<br><br>JURY DEMANDED |

1

REARICK, ZACH REICHL, STEPHEN RICE, CHAD RICHARDS, QUINCY RICHARDSON, RONALD RICHBURG, KEVIN RICHIE, ALEXIS RIDER, RANDALL RIGGS, WILLIAM COX, NATHAN RITTER, DAVID ROBERSON, GEORGE ROBERTS, TYLER ROBINSON, ALVIN RODGERS, CHRISTOPHER RODRIGUES, NICHOLAS RODRIGUES, MICHAEL RODRIGUEZ, LUIS RODRIGUEZ, LEON ROHRMANN, ALEXANDER ROOT, LUIS ROSADO, VICTORIA ROSARIO, JIM ROUDA, MICHAEL ROY, UTKIR ROZIKOV, ROBERT ROZNIATA, JUSTIN RUPP, REECE RUSCELLA, DAUDA SACCOH, ANTHONY SALVIO, NIKOLA SAMARDZIJA, VIRGINIA SANDERSON, EDWARD SANFORD, RAYMOND SANFORD, MOHAMMAD SARWAR, DONALD SAVIC, ANTHONY SAWH, OLIVER SAYRE, CHRISTOPHER SCHIBLER, DREW SCHIFINO, ANTHONY SCIPIONE, CRAIG SCOTT, EDDY SHAFER, PIERRE SHAKIF, BRADY SHEFFER, ASHLEE SHIRLEY, JEFFREY SHOTTS, BRIAN SHREVE, BRIAN SHUNK, DAVID SHUSTER, BRYCE SIMMONS, ANDREW SIMON, DAMON SISCO, GARY SLABODA, BRIAN SLABODA, ZACHERY SMITH, KHALIL SMITH, JESSICA SMITH, ALEXANDER SMITH, JACOB SMITH, JASON SMITH JR., SHANE SNOWDEN, ERIC SNYDER, DOUGLAS SNYDER, CHRISTOPHER SOFIA, RICK SOULLIARD, ALICIA SPANGLER, MARVIN SPARKS JR, JOSEPH SPIVEY, JOSHUA SPRINGER, JAMES STAGGERS, STEVEN STEAD, TIMOTHY STEVENS, DOMINIC STINNETT, ALFRED STODDARD, ANTONIO STONE, DANIEL STONE, JAMIL STRICKLAND, TIMOTHY STRITZINGER, TYASIA STRIVER, SCOTT SUMMERS, NICHOLAS SURFIELD, SHAWN SUTER, MALIKAH SUTTON, LIAM SWANSON, JAMES TAKACS, DANIEL TASSONE, KELVIN TAVAREZ GONZALEZ, SR., RALPHIE TEMARANTZ, JEFFREY THOMAS, JEREMY

BOLGER, RANDOLPH SARNOWSKI, CORY SCHAEFER, VALINDA SCHMALFELDT, IAN SCHNEIDER, KENNETH SCHROEDER, DEAN SCHROEDER, DANETTE SCHUTTE, ANTHONY SCIUTO, ROBERT SELL, SCOTT SHILL, DOUGLAS SHINKER, MARCHON SKILLOM-TATE, JAMES SKINNER, TAYLOR SLABACK, CHRISTOPHER SORENSON, DAVID SPENCER, LORI STELLAR, KEITH STELLOH, RICHARD SUNDSTROM, MAURKES SWARN, JASON TANK, EDGAR TAYLOR, TRAVIS TENKLEY, BRANDON THOMAS, RYAN THOMPSON, JEREMIAH THOMPSON, REGGIE THOMPSON, BAMBI TISCHER, JOSEPH TJADER, SEAN TOBIN, RUSSELL TOCK, ROSS TOLLGAARD, JUSTIN TORRES, ANTHONY TORRUELLA, TAMICKA TRAWICK, JUSTIN TRETHEWEY, PATRICK TSCHIMPERLE, WILLIAM VANDEHEI, LUCAS VANDENDRIES, LIA VILLARREAL, PAUL VIND, JAMES VOGEL, KAMAURI WALLACE, ANTHONY WASHINGTON, ANTHONY WHITE, MARK WIDMAR, AMANI WILBORN, JOSEPH WILKE, LORI WILLACKER, HEATHER WILLIAMS, MORRIS WILSON, JAMI WOZNIAK, ANTHONY WRIGHT, JAMES WUERL, JONATHON WYLIE, SEAN ZEZNANSKI, DAVID ANDERSON, TIMOTHY BENSON, ERIC CHILDRESS, CHRIS CORDOVA, CARMI DEPARASIS, JERRY HERBIN, JULIUS JOHNSON, EARL KEITH, SEAN MATOON, JASON MEINZ, JEFFREY MERRY, DALE SHEETS, MICHAEL SMITH, JAMES TOLLE, CHELSEA VALLEE, and LARRY YOUNG

> Plaintiffs,

> v.

FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC.,

129

Defendants.

## FIRST AMENDED COMPLAINT

Plaintiffs bring this action against Defendant Federal Express Corporation, successor by merger to Defendant FedEx Ground Package System, Inc. (collectively, "FedEx"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as well as under the laws of Alaska, California, Colorado, the District of Columbia, Hawaii, New Mexico, New York, and Washington.

## JURISDICTION AND VENUE

1.      Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      Venue in proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

3.      Plaintiff Michael Abner is an individual residing in Alabama. Abner worked as a delivery driver for FedEx in Alabama from approximately 2008 to 2020 but was employed through intermediary entities that FedEx calls independent service providers. Abner has been eligible to receive overtime pay under the FLSA because Abner has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

4.      Plaintiff James Abrams is an individual residing in Alabama. Abrams worked as a delivery driver for FedEx in Alabama but was employed through intermediary entities that FedEx calls independent service providers. Abrams has been eligible to receive overtime pay under the FLSA because Abrams has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

130

9003.   Plaintiff Damon Sisco is an individual residing in North Carolina. Sisco worked as a delivery driver for FedEx in Pennsylvania but was employed through intermediary entities that FedEx calls independent service providers. Sisco has been eligible to receive overtime pay under the FLSA because Sisco has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

9004.   Plaintiff Gary Slaboda is an individual residing in Pennsylvania. Slaboda worked as a delivery driver for FedEx in Pennsylvania from approximately 2013 to 2017 but was employed through intermediary entities that FedEx calls independent service providers. Slaboda has been eligible to receive overtime pay under the FLSA because Slaboda has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

9005.   Plaintiff Brian Slaboda is an individual residing in Pennsylvania. Slaboda worked as a delivery driver for FedEx in Pennsylvania but was employed through intermediary entities that FedEx calls independent service providers. Slaboda has been eligible to receive overtime pay under the FLSA because Slaboda has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

9006.   Plaintiff Zachery Smith is an individual residing in Pennsylvania. Smith worked as a delivery driver for FedEx in Pennsylvania but was employed through intermediary entities that FedEx calls independent service providers. Smith has been eligible to receive overtime pay under the FLSA because Smith has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

9007.   Plaintiff Khalil Smith is an individual residing in Pennsylvania. Smith worked as a delivery driver for FedEx in Pennsylvania from approximately 2022 to 2023 but was employed

2389

through intermediary entities that FedEx calls independent service providers. Smith has been eligible to receive overtime pay under the FLSA because Smith has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

11643. Plaintiff James Tolle is an individual residing in Wyoming. Tolle worked as a delivery driver for FedEx in Wyoming but was employed through intermediary entities that FedEx calls independent service providers. Tolle has been eligible to receive overtime pay under the FLSA because Tolle has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

11644. Plaintiff Chelsea Vallee is an individual residing in Wyoming. Vallee worked as a delivery driver for FedEx in Wyoming but was employed through intermediary entities that FedEx calls independent service providers. Vallee has been eligible to receive overtime pay under the FLSA because Vallee has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

11645. Plaintiff Larry Young is an individual residing in Nevada. Young worked as a delivery driver for FedEx in Wyoming but was employed through intermediary entities that FedEx calls independent service providers. Young has been eligible to receive overtime pay under the FLSA because Young has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week..

11646. At all relevant times, Plaintiffs worked for FedEx.

11647. Federal Express Corporation is a Delaware corporation with its principal place of business in Memphis, Tennessee.

3042

11648. FedEx Ground Package System, Inc. is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania.

11649. Federal Express Corporation is the successor by merger to FedEx Ground Package System, Inc.

11650. FedEx Ground Package System, Inc. and Federal Express Corporation are referred to herein collectively as "FedEx."

11651. At all relevant times, FedEx has engaged in the business of the delivery of packages nationwide and within the state of Pennsylvania.

11652. FedEx employs thousands of individuals across the country, including Plaintiffs, who have engaged in interstate commerce.

11653. FedEx is an employer under the FLSA and applicable state laws.

## FACTS

11654. FedEx operates a package pickup and delivery business servicing customers throughout the United States.

11655. FedEx employs thousands of package delivery drivers within the United States, including the named Plaintiffs, who: (a) work for FedEx through intermediary employers called "independent service providers" (ISPs); (b) are classified as "employees" of the FedEx ISPs; (c) have worked more than forty hours per week delivering packages for FedEx but are not paid time-and-a-half compensation for hours worked beyond forty each week; and (d) drive, in whole or in part, vehicles with a gross vehicle weight rating of 10,001 pounds or less. These individuals are referred to herein as "delivery drivers."

11656. Before instituting the ISP model of employing its delivery drivers through intermediary entities, FedEx relied entirely on delivery drivers that it hired directly and purported

to classify as "independent contractors", pursuant to standard operating agreements that FedEx required its drivers to sign. After years of defending litigation challenging the employment status of these drivers around the country – during which time multiple courts around the country held that FedEx misclassified its delivery drivers as independent contractors when they were actually FedEx's employees under various state wage laws[1] – FedEx shifted its method of hiring drivers in many states by contracting with ISPs in an effort to continue to avoid liability under the wage laws for its delivery drivers.

11657. FedEx ISPs are typically responsible for three or more FedEx delivery routes. FedEx requires its ISPs to hire FedEx's workforce of delivery drivers, and FedEx further requires the ISPs to classify these delivery drivers as the ISPs' employees.

11658. However, based on the economic realities of the relationship between FedEx and these drivers, it is clear that the delivery drivers working under the intermediary ISPs are also FedEx employees under the FLSA.

11659. FedEx operates a nationwide network of package handling terminals to serve its customers' package pickup and delivery needs around the country. FedEx advertises its delivery service and negotiates with its customers to provide the package pick-ups and deliveries that are performed by the Plaintiffs and other delivery drivers.

---

[1] *See, e.g.*, *Craig et al. v. FedEx Ground Package System, Inc.*, 335 P.3d 66 (Kan. 2014) (FedEx drivers in Kansas were misclassified as independent contractors when they were employees as a matter of law); *Alexander, et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 981, 997 (9th Cir. 2014) (same, for FedEx delivery drivers in California); *Slayman, et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 1033, 1046-47 (9th Cir. 2014) (FedEx delivery drivers in Oregon were FedEx's employees under Oregon's economic reality test and Oregon's right to control test). FedEx ultimately settled these and other pending cases challenging its misclassification of drivers as independent contractors.

11660. Plaintiffs and other delivery drivers working under ISPs have typically worked full-time and exclusively as FedEx drivers, delivering FedEx's packages to FedEx customers while wearing FedEx uniforms and driving vehicles bearing FedEx's logos and color scheme.

11661. Plaintiffs and other delivery drivers working under ISPs have worked out of FedEx-owned and managed terminals throughout the country, where FedEx managers, package handlers, and other FedEx employees oversee and manage the package delivery operations.

11662. The services rendered by Plaintiffs and other delivery drivers working under ISPs are an integral part of FedEx's business because FedEx is in the business of package delivery, and Plaintiffs and these other delivery drivers physically deliver packages to FedEx's customers on FedEx's behalf.

11663. Plaintiffs and other delivery drivers working under ISPs have performed their delivery work on strict and predictable schedules pursuant to FedEx's same-day delivery requirements. The drivers' schedules are dictated by the volume of packages that FedEx requires be delivered each day on their routes. Neither these drivers, nor the intermediary ISPs who they work under, have any control over the volume of package pickup and delivery work that FedEx assigns the drivers.

11664. FedEx micromanages how Plaintiffs and other delivery drivers working under ISPs perform their work. Some of this micromanaging is performed directly by FedEx managers, and some is performed by the ISPs, pursuant to standards and requirements established by FedEx (and enforced by FedEx). For example:

      a.     FedEx requires that the delivery drivers have specific equipment on their van when they perform deliveries for FedEx;

b.      FedEx requires the delivery drivers to wear a uniform bearing FedEx's logos and color scheme and to maintain personal appearance standards established by FedEx;

c.      FedEx requires the delivery drivers to place specific signage on their vans bearing FedEx's name and logo;

d.      FedEx assigns the specific packages that the delivery drivers must deliver and when the packages must be delivered;

e.      FedEx requires the drivers to scan all assigned packages with a specific scanner designated by FedEx upon loading each morning and upon delivery;

f.      FedEx requires the drivers to begin and end each day at a designated terminal operated by FedEx;

g.      Customer comments and complaints regarding the drivers' job performance are made directly to FedEx, who uses its own discretion on what action to take;

h.      FedEx has the authority to require its ISPs to terminate the drivers working under them if FedEx believes they should be terminated; and

i.      FedEx closely monitors the job performance of the drivers, tracking whether each delivery is "successful" based on FedEx's own standards.

11665. Some FedEx drivers working under ISPs have worked for different ISPs at times, and even at times directly for FedEx, but their work responsibilities, and procedures they have been required to follow, have not differed in any material way regardless of which ISP they have worked under or whether they have worked directly for FedEx.

11666. For example, many FedEx drivers were initially hired directly by FedEx to perform its deliveries, until FedEx told drivers they had to work under an ISP. These drivers' responsibilities and the procedures they were required to follow did not change in any material

way following the conversion to drivers working under ISPs. Drivers continued to report to FedEx terminals each morning, drove a vehicle with a FedEx logo on it, and followed FedEx procedures to complete their assigned deliveries.

11667. FedEx drivers, including drivers such as the Plaintiffs who have worked under intermediary ISPs, have routinely worked more than forty hours per week.

11668. Plaintiffs have driven trucks weighing less than 10,001 pounds. They are thus eligible for overtime pay under the FLSA and state law.

11669. However, Plaintiffs have not received all overtime pay for their work beyond 40 hours per week.

11670. Because FedEx is Plaintiffs' employer under the FLSA and applicable state laws, FedEx is liable to Plaintiffs for the unpaid overtime.

11671. FedEx has avoided its responsibilities under the FLSA and applicable state laws by establishing a system through which FedEx employes Plaintiffs and other drivers through intermediary ISPs. FedEx knew, or should have known, that Plaintiffs and other drivers were not paid overtime that they were owed. FedEx has thus acted with reckless disregard for Plaintiffs' rights.

11672. However, regardless of FedEx's actual or constructive knowledge of this fact, FedEx is Plaintiffs' "employer," as defined by the FLSA and applicable state laws. FedEx is therefore liable for any overtime payments that are due to Plaintiffs other delivery drivers who have worked under ISPs.

**COUNT I**
**(Unpaid Overtime Under the FLSA)**

11673. The FLSA, 29 U.S.C. § 207(a)(1), requires that employees receive overtime premium pay of "not less than one and one-half times" their regular pay rate for hours worked

beyond 40 per workweek. FedEx is liable under the FLSA for unpaid overtime owed to Plaintiffs. FedEx's violation of the FLSA has been willful and in reckless disregard of these drivers' rights.

## COUNT II
### (Unpaid Overtime Under Alaska Law)

11674. Alaska law entitles employees to overtime premium compensation "at the rate of one and one-half times the regular rate of pay shall be paid" for hours worked beyond eight hours per day or hours worked beyond 40 per week. Alaska Stat. § 23.10.060. FedEx is liable under Alaska law for unpaid overtime owed to drivers who worked in Alaska.

## COUNT III
### (Unpaid Overtime under California Law)

11675. California entitles employees to overtime premium compensation "at the rate of no less than one and one-half times the regular rate of pay" for hours worked beyond eight hours per day or 40 hours per week. Cal. Lab. Code § 510; *see also* Cal. Lab. Code §§ 1194, 1198. California law also entitles employees to overtime premium "at the rate of no less than twice the regular rate of pay for an employee" for hours beyond 12 hours in one day. Cal. Lab. Code § 510. FedEx is liable under California law for unpaid overtime owed to the Plaintiffs who worked in California.

## COUNT IV
### (Unpaid Overtime Under Colorado Law)

**11676.** Colorado law entitles employees to overtime premium compensation "at time and one-half of the regular rate of pay" for hours worked beyond 40 per week, 12 hours per day, or 12 consecutive hours. 7 Colo. Code Regs. § 1103-1:4. FedEx is liable under Colorado law for unpaid overtime owed to drivers who worked in Colorado.

## COUNT V
### (Unpaid Overtime under District of Columbia Law)

11677. District of Columbia law entitles employees to overtime premium compensation "at a rate not less than 1 1/2 times the regular rate at which the employee is employed" for hours worked beyond 40 per week. D.C. Code Ann. § 32-1003. FedEx is liable under District of Columbia law for unpaid overtime owed to the Plaintiffs who worked in the District of Columbia.

## COUNT VI
### (Unpaid Overtime Under Hawaii Law)

11678. Hawaii law entitles employees to overtime premium compensation "at a rate not less than one and one-half times the regular rate at which the employee is employed" for hours worked beyond 40 per week. Haw. Rev. Stat. Ann. § 387-3. FedEx is liable under Hawaii law for unpaid overtime owed to the Plaintiffs who worked in Hawaii.

## COUNT VII
### (Unpaid Overtime Under New Mexico Law)

11679. New Mexico law entitles employees to overtime premium compensation at "one and one-half times the employee's regular hourly rate of pay" for hours worked beyond 40 per week. N.M. Stat. Ann. § 50-4-22. FedEx is liable under New Mexico law for unpaid overtime owed to drivers who worked in New Mexico.

## COUNT VIII
### (Unpaid Overtime Under New York Law)

11680. New York law entitles employees to overtime premium compensation "one and one-half times the employee's regular rate" for hours worked beyond 40 per week. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. FedEx is liable under New York law for unpaid overtime owed to drivers who worked in New York.

3049

## COUNT IX
### (Unpaid Overtime Under Washington Law)

11681. Washington law entitles employees to overtime premium compensation "at a rate not less than one and one-half times the regular rate at which he or she is employed" for hours worked beyond 40 per week. Wash. Rev. Code Ann. § 49.46.130. FedEx is liable under Washington law for unpaid overtime owed to the Plaintiffs who worked in Washington.

## COUNT X
### (Declaratory Judgment)

11682. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, Plaintiffs request a declaration that they were FedEx's employees within the meaning of the FLSA and applicable state laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

A.   Restitution for all unpaid overtime owed to the drivers;

B.   Liquidated damages and prejudgment interest, pursuant to the FLSA and applicable state laws;

C.   All remedies provided by applicable state laws;

D.   Litigation costs, expenses, and attorneys' fees;

E.   Judgment declaring that Plaintiffs were  FedEx's employees within the meaning of the FLSA and applicable state laws; and

F.   Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on their claims.

3050

Dated: September 24, 2024

Respectfully submitted,

*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (*pro hac vice*) (MA 640716)
Harold Lichten (*pro hac vice*) (MA 549689)
Sarah Schalman-Bergen (PA Bar No. 206211)
Matthew Carrieri (*pro hac vice*) (MA 705192)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com
hlichten@llrlaw.com
ssb@llrlaw.com
mcarrieri@llrlaw.com

Jeremy Abay (PA Bar No. 316730)
LICHTEN & LISS-RIORDAN, P.C.
76 E. Euclid Avenue, Suite 101
Haddonfield, New Jersey 08035
(856) 509-5346
jabay@llrlaw.com

*Attorneys for Plaintiffs*

3051

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 24, 2024, I caused a true and correct copy of the foregoing First Amended Complaint to be filed with the Court's CM/ECF system, which constitutes service on Defendant, whose counsel are registered participants on that system.

<u>s/ Shannon Liss-Riordan</u>
Shannon Liss-Riordan